IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IN RE: ) | |
| MAMTEK US, INC. ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ESCROW OF THE WEST, INC., ) | |
| ) | |
| Movant/Appellee, ) | |
| ) | **No. 2:15-cv-04057-SRB** |
| v. ) | (Consolidated with |
| ) | No. 2:15-cv-04065-SRB and |
| GARY MOBLEY, NANETTE COLE, ) | No. 2:15-cv-04068-SRB) |
| and BRUCE COLE ) | |
| ) | |
| Respondents/Appellants. ) | |
| ) | |

**ORDER**

Before the Court is a consolidated appeal from a contempt order entered by the United States Bankruptcy Court for the Western District of Missouri in Adversary Proceeding Number 12-02009-drd. (Bkptcy Doc. #281). After considering the parties' briefs, the Bankruptcy Court's findings of fact, conclusions of law and contempt order, the record on appeal, and oral arguments, the Court finds that the contempt order as applied to Nanette Cole and Bruce Cole, parties to the underlying adversary proceeding, is not final. The Court further declines to exercise its discretion to consider the Coles' appeal under 28 U.S.C. § 158(a)(3). As a result, the Coles' notices of appeal, which they ask the Court to consider as motions for leave to appeal, are DENIED. The contempt order as applied to Gary Mobley, who is not a party to the underlying adversary proceeding, is final and AFFIRMED.

a. **Background**

In connection with the bankruptcy proceeding *In re Mamtek US, Inc.*, Case No. 11-22092-drd7, the Trustee instituted an adversary proceeding on May 3, 2012, against Bruce and Nanette Cole to avoid and recover the fraudulent transfer of funds related to the sale of the Coles' personal residence. (Bkptcy Doc. #1). On June 15, 2012, the Bankruptcy Court entered an order providing in relevant part:

> 1. All proceeds of the sale of the residence of defendants Bruce and Nanette Cole . . . shall be paid to Escrow of the West. . .
> 3. The Escrow Agent shall disburse the proceeds of the Residence as follows: . . .
>    (b) to any governmental entities or other taxing authorities in an amount sufficient to satisfy any taxes or fees relating to the Residence or to the sale of the Residence. . . .
> 4. All proceeds of the sale of the Residence in excess of the amounts set forth in paragraph 3 shall be held by the Escrow Agent pending further order of the United States Bankruptcy Court for the Western District of Missouri.
> 5. Any attempt by Bruce or Nanette Cole to enter into any agreement or make any instruction that proceeds received hereafter from the sale of the Residence be disbursed to any person or entity other than the Escrow Agent shall be a direct violation of this Order.

(Bkptcy Doc. #55). On June 18, 2012, the Bankruptcy Court entered another, stipulated order providing in relevant part:

> 1. This Court's Injunctive Order at docket no. 55, directing that the Net Proceeds of the Real Property shall be held by Escrow of the West pending further order of this Court shall remain in force and effect until final judgment is entered in this adversary proceeding, at which time the Court shall enter an order directing the disposition of such proceeds. The remaining disbursements of proceeds to close the sale shall be allowed to be made in order to close the sale of the Real Property in accordance with the attached Closing Statement.

(Bkptcy Doc. #61).

Sometime after entry of the two June orders, the Coles sought to have capital gains taxes paid to the Internal Revenue Service and the California Franchise Tax Board from the sale proceeds held by Escrow of the West. The Coles hired California attorney, Gary Mobley, to

assist them with this endeavor; Mr. Mobley had not and did not at any time represent the Coles in the adversary proceeding.  *See* Declaration of Gary Mobley (Bkptcy Doc. #272, ¶¶ 1, 9). After reviewing the two June orders, Mr. Mobley sent letters to Escrow of the West dated approximately November 13, 2013, and December 5, 2013, in which he demanded that Escrow of the West pay the capital gains taxes from the sale proceeds.  (Bkptcy Doc. #272, ¶¶ 17, 27).

On December 20, 2013, the Bankruptcy Court issued an order denying the Trustee's Motion for Order Directing Escrow of the West to Transfer Funds to Trustee.  (Bkptcy Doc. #239).  In opposing the Trustee's motion, the Coles argued, in part, "that taxes related to the sale of the Property are due and owing, and are to be disbursed by the Escrow Agent from the Funds."  (Bkptcy Doc. #239, p. 4).  Recognizing that the Trustee disputed the Coles' position, the Bankruptcy Court held:

> Defendants' assertion in response to the Trustee's motion does not substitute for a motion requesting release of a portion of the Funds.  The Court agrees with the Trustee's position that, *if the Defendants claim that the Funds should be used to pay their capital gain tax liability, they must submit a formal request to the Court for consideration*, asserting all the factual and legal bases for that claim, to which the Trustee will have the opportunity to respond.  The Court will then decide the matter, holding a hearing, if necessary.

(Bkptcy Doc. #239, p. 4) (emphasis added).

On January 6, 2014, Escrow of the West's counsel wrote an email to Mr. Mobley, "I assume you saw the court order re the trustee's motion; per that order which is very specific on what your client must do, your client needs to make a motion to have specific funds released and to whom, they are to be released."  (Bkptcy Doc. #267, Ex. F).  Mr. Mobley responded with a letter dated January 7, 2014, stating in part:

> The bankruptcy court decision does nothing to change my clients' position, which I believe I have clearly articulated to you.  Specifically, your client is holding approximately $900,000 of my clients' money in an escrow account, the bankruptcy court has ordered Escrow of the West to use these funds

3

> to pay to the IRS and Franchise Tax Board ("FTB") to pay the capital gains taxes incurred in the sale of the residence, and my clients have specifically requested that your client do so. Under these circumstances, you client has no right to refuse this request or, at a minimum, interplead these funds into a California court.

(Bkptcy Doc. #267, Ex. G).

After Escrow of the West and the Coles were unable to resolve their disagreement over distribution of the funds, Mr. Mobley, on behalf of the Coles, filed a complaint in California state court on February 6, 2014, including two counts: 1) declaratory relief that Escrow of the West was required to disburse funds to satisfy the taxes; and 2) breach of fiduciary duty by Escrow of the West for failure to do so. (Bkptcy Doc. #272, ¶ 32). On March 5, 2014, the Bankruptcy Court granted the Trustee's Emergency Motion Regarding Transfer of $906,895 and ordered Escrow of the West to transfer the funds to the Trustee with explicit instructions "to not dispose of or transfer any of the Funds until all claims in the above-captioned adversary proceeding are finally determined and unappealable." (Bkptcy Doc. #262). At the hearing on the Trustee's emergency motion, the Bankruptcy Court stated:

> The one thing the Court will not do that the Trustee has requested is purport to adjudicate the defendants' claims against the escrow agent. Those claims are not properly before this Court. There is not a pleading that asserts them, that asks for an appropriate relief in the appropriate context and not all the parties who need to be before the Court in order for the Court to make that determination, specifically the escrow agent, are before the Court.

(Bkptcy Doc. #265, p. 38).

With the California action still pending, on January 20, 2015, Escrow of the West filed with the Bankruptcy Court its Motion to Confirm Escrow of the West's Compliance with Court Orders and for Sanctions. (Bkptcy Doc. #267). The motion, in part, sought sanctions against the Coles and Gary Mobley for filing the California action in violation of the Bankruptcy Court's orders and sought an order requiring dismissal of the California action. The Coles and Mr.

4

Mobley filed objections to the motion (Bkptcy Doc. ##272-274), and Nanette Cole and Mr. Mobley participated in a hearing on the motion prior to the Bankruptcy Court's issuance of its ruling (Bkptcy Doc. #283, p. 3). At the hearing on March 11, 2015, the Bankruptcy Court stated on the record its findings of fact and conclusions of law, which were followed by a written order dated March 16, 2015, finding the Coles and Mr. Mobley in contempt for violating the December 20, 2013, order and requiring them to pay a $100 fine for each day the California action remained pending. (Bkptcy Doc. #281). The Coles and Mr. Mobley appeal from this order.

   b.  **Legal Standard**

This Court has jurisdiction to hear bankruptcy appeals "from final judgments, orders, and decrees" or "with leave of the court, from other interlocutory orders and decrees[.]" 28 U.S.C. §§ 158(a)(1), (3). "[O]rders of civil contempt against nonparties are final and appealable." *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 919 (8th Cir. 1998) (citation omitted). "Interlocutory civil contempt orders are not appealable by a party." *Omaha Indemnity Co. v. Wining*, 949 F.2d 235, 238 (8th Cir. 1991) (citation omitted).

A court may enter a contempt order upon a showing by clear and convincing evidence that the contemnor violated a specific court order of which he or she was aware. *Koehler v. Grant*, 213 B.R. 567, 569 (B.A.P. 8th Cir. 1997). The grant or denial of a contempt order is reviewed for an abuse of discretion, but an order finding contempt is reviewed "more searchingly." *Indep. Fed'n of Flight Attendants*, 134 F.3d at 920.

   c.  **Discussion**

### Nanette and Bruce Cole

The Coles do not challenge their status as parties to a still-pending adversary proceeding in the Bankruptcy Court. As a result, the contempt order against them is not final and not

5

appealable as of right.[1]  *See SEC v. Naftalin*, 460 F.2d 471, 475 (8th Cir. 1972) ("But even if the order here had imposed a sentence or sanction, it would still have constituted a nonappealable interlocutory order, in that the situation was one where Naftalin was a party and not a stranger to the suit.").  In recognition of this fact, the Coles ask the Court to consider their notice of appeal as a motion for leave to appeal.  (Doc. #26, p. 5).

"'The decision to deny leave to appeal an interlocutory bankruptcy order is purely discretionary[]'" but guided by "'the standards found in 28 U.S.C. § 1292(b) which define the jurisdiction of courts of appeal to review interlocutory orders.'"  *In re Yehud-Monosson USA, Inc.*, 472 B.R. 868, 882 (D. Minn. 2012) (citations omitted).  "'Section 1292(b) requires that: (1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation.'"  *Id.* (citation omitted).  Application of these factors weighs against the Court's exercise of its discretion as no controlling question of law is at issue to which there is substantial ground for difference of opinion.  Further, there is no indication that an immediate appeal would advance the termination of the adversary proceeding.  Accordingly, the Coles' notices of appeal, which the Court treats as motions for leave to appeal, are denied.

---

[1] This case is unlike *Omaha Indemnity Co. v. Wining*, where the Eighth Circuit refused to review a contempt order issued against a party as outside its jurisdiction but agreed to review the portions of the order that amounted to "'an independent preliminary injunction'" that altered the "'legal relationship between the various parties.'"  949 F.2d at 238.  Here, the Bankruptcy Court's contempt order maintains the directive in its December 20, 2013, order that the Coles *must* file a motion if they want a determination whether capital gains taxes should be paid from the sale proceeds.  Rather than the Bankruptcy Court's contempt order altering the parties' legal relationship as in *Omaha Indemnity*, the parties' relationship was altered here by the Coles' filing of the California action.  The Bankruptcy Court's contempt order sought simply to restore the parties to their pre-filing status.

**Gary Mobley**

The Bankruptcy Court's contempt order is final as to Gary Mobley, a non-party to the adversary proceeding, and is therefore appealable under 28 U.S.C. § 158(a)(1).  At the hearing held on September 1, 2015, the Court asked the parties to submit additional briefing addressing the Bankruptcy Court's jurisdiction to find Gary Mobley, a California attorney who had not participated in the adversary proceeding, in contempt.  As argued by Appellee Escrow of the West, the defense of personal jurisdiction is waived if not raised in a motion or responsive pleading.  Fed. R. Civ. P. 12(h)(B).  Mr. Mobley did not challenge the Bankruptcy Court's jurisdiction in his opposition to the motion for sanctions (Bkptcy Doc. #273), nor did he raise the issue of personal jurisdiction at the hearing before the Bankruptcy Court where he personally appeared (Bkptcy Doc. #283).  As a result, any challenge Mr. Mobley might have had to the Bankruptcy Court's jurisdiction has been waived.  Further, even if the jurisdictional argument had not been waived, the Court notes, "Federal courts possess certain inherent powers, including the 'power to punish for contempts,' which 'reaches both conduct before the court and that beyond the court's confines.'"  *Isaacson v. Manty*, 721 F.3d 533, 538 (8th Cir. 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).

Mr. Mobley raises three points of error in the Bankruptcy Court's contempt order as applied to him.  Mr. Mobley argues: 1) he was not given due process notice that contempt was sought based on violation of the December 20, 2013, order; (2) no evidence exists in the record that Mr. Mobley had actual knowledge of the December 20, 2013, order; and (3) Mr. Mobley did not violate any clear and unambiguous provision of the December 20, 2013, order.  (Doc. #23).  The Court will address each argument in turn.

Whether or not notice of the specific order at issue in a contempt proceeding is required to satisfy due process, the record shows that Mr. Mobley was given specific notice that contempt was sought in connection with the December 20 order. Escrow of the West's motion for sanctions upon which the Bankruptcy Court's contempt order was based states, "The orders contumaciously violated by the Respondents regarding the proceeds of the sale of Bruce and Nanette Cole's real estate at docket numbers 55, 61, and 239 are related to the above-captioned bankruptcy case. (Bkptcy Doc. #267, p. 2). Bankruptcy docket number 55 is the June 15, 2012, order. Docket number 61 is the June 18, 2012, order, and docket number 239 is the December 20, 2013, order. Further, Mr. Mobley does not contest that Escrow of the West's motion was served on him by mail and that he received the motion. Mr. Mobley received notice and an opportunity to be heard of which he availed himself; therefore, his due process challenge is denied.

Next, Mr. Mobley argues there is no evidence in the record that he had actual knowledge of the December 20 order. In making its ruling, the Bankruptcy Court applied the appropriate analysis. At the hearing on the contempt motion, the Bankruptcy Court stated:

> With respect to general powers of contempt, this Court's understanding of the law is that I must find three things in order to hold a party in contempt. First, I must have issued a specific and definite order. Second the party must have had knowledge of the terms of that order, and third, it must have disobeyed the order.

(Doc. #283, p. 42). The Bankruptcy Court's finding that Mr. Mobley had knowledge of the December 20 order was not an abuse of discretion. In making this finding, the Bankruptcy Court had before it Escrow of the West's counsel's email to Mr. Mobley dated January 6, 2014, as well as Mr. Mobley's response dated January 7, 2014, in which he stated, "The bankruptcy court decision does nothing to change my clients' position, which I believe I have clearly articulated to you." (Bkptcy Doc. #267, Ex. G). Further, the transcript of the contempt hearing shows that Mr.

8

Mobley and the Bankruptcy Court discussed the December 20 order at length, but not once did Mr. Mobley assert that he did not have knowledge of the order. (Bkptcy Doc. #283). As a result, Mr. Mobley's appeal on this issue is denied.

Finally, Mr. Mobley argues he did not violate any clear and unambiguous provision of the December 20, 2013, order. Mr. Mobley's primary argument on this point is that the order did not specifically say the Coles could not file a state court action, and therefore the order did not clearly prohibit them from doing so. (Doc. #23). The Bankruptcy Court's order clearly provided that if the Coles wanted a decision as to whether taxes should be paid from the sale proceeds, "*they must submit a formal request to the [Bankruptcy] Court for consideration[.]*" (Bkptcy Doc. #239, p. 4). An order that a party *must* follow a particular course of action necessarily precludes all other courses of action; the Bankruptcy Court did not need to detail every course of action the Coles were precluded from taking in order for the December 20 order to be clear. As a result, Mr. Mobley's appeal on this point fails, and the Bankruptcy Court did not abuse its discretion in finding Mr. Mobley in contempt.

Accordingly, it is hereby ordered that Nanette Cole's and Bruce Cole's notices of appeal, which the Court treats as motions for leave to appeal are DENIED. Gary Mobley's appeal from the Bankruptcy Court's contempt order (Bkptcy Doc. #281) is denied, and the Bankruptcy Court's order is AFFIRMED as to Mr. Mobley.

IT IS SO ORDERED.

s/ Stephen R. Bough<br>STEPHEN R. BOUGH<br>United States District Judge

Dated: <u>September 23, 2015</u>